■ H. PHILIP ITTLESON, Respondent-Appellant, v JOSEPH P. LOMBARDI et al., Appellants-Respondents, et al., Defendants. [596 NYS2d 817] —Order of the Supreme Court, New York County (Beverly S. Cohen, J.), entered on October 1, 1991, which denied the consolidated motions by defendants for, respectively, dismissal of the eleventh cause of action and summary judgment dismissal of the eleventh cause of action except to the extent of granting dismissal of plaintiff's claim for punitive damages, is unanimously modified on the law to the extent of granting dismissal of the eleventh cause of action in its entirety and otherwise affirmed, with costs and disbursements.

Order of the Supreme Court, New York County (Beverly S. Cohen, J.), entered on June 24, 1992, which granted defendants' motion for reargument and, upon reargument, modified the order of October 1, 1991 to the extent of denying dismissal of plaintiff's claim for punitive damages, reinstating that portion of the eleventh cause of action and otherwise adhering to its prior determination, is reversed on the law and reargument denied as academic, without costs or disbursements.

This action arises over the purchase by plaintiff of shares allocated to a cooperative apartment in a 33-floor landmark building that was constructed in 1909 and contains ornamental moldings on three of its four facades. Although the structure was originally erected for commercial use, it underwent

extensive interior renovations when it was subsequently converted to a residential cooperative. On May 26, 1989, plaintiff contracted to acquire the subject shares from defendant Joseph Pell Lombardi for $465,000. The cooperative, defendant 55 Liberty Owners Corporation, was not a party to the arrangement. Since Lombardi, a member of the Board of Directors, was an architect and contractor, it was also agreed that he would perform certain work in the apartment at an additional cost of $274,000. Plaintiff was, significantly, represented by counsel during the entire transaction, including at the closing, which took place on October 11, 1989. At that time, plaintiff signed a letter in which he acknowledged that he had "been advised that imposition of a special assessment is most likely imminent for roof and exterior related repairs". Nonetheless, he commenced suit against Lombardi approximately one year later, alleging that defendant, as seller and sponsor, withheld information that the building was in a dreadful state of disrepair and that this fraudulent conduct induced him to buy the shares representing the apartment in question. An amended complaint ensued against not only Lombardi but also, among others, the cooperative corporation and individual members of the Board of Directors.

At issue on appeal herein is the eleventh cause of action in which plaintiff asserts that the specified defendants, having knowledge of certain reports "regarding the condition of the Premises and the cost of remedying the deteriorating conditions described in said reports, conspired together to conceal and suppress information in the aforesaid reports indicating that the Premises were in substantial disrepair for the purpose and with the intent of deceiving and misleading prospective purchasers of apartments at the Premises and lenders." Therefore, he charges, he was induced into entering the contract "not knowing the true condition of the Premises and believing the representations and statements" made to him. In this claim, he seeks compensatory damages in the amount of $860,000 and punitive damages of $2 million. It should be noted that plaintiff states that he never occupied the apartment because the improvements that were to be made by Lombardi were never completed and that the building is presently in foreclosure. He concedes that he received a copy of the engineer's report, which reports the need for some repairs, but contends that he was never provided with other reports that indicated the prospective expenditure of substantial funds to repair the roof and facade.

The Supreme Court should have granted defendants' respec-

tive motions to dismiss in full the eleventh cause of action. In that connection, a claim for fraud must allege "that a representation of a material fact was made; that such representation was false, and known to be false by the party making it, or was recklessly made; that such representation was made to deceive and to induce the other party to act upon it; and that the party to whom the representation was made relied upon it to its injury or damage" *(Orbit Holding Corp. v Anthony Hotel Corp.,* 121 AD2d 311, 314). However, the record reveals that plaintiff was clearly put on notice that he was purchasing an apartment in an old building that required extensive repairs. He not only was able to perform a visual inspection of the structure, as well as examine the engineer's report, but executed a document indicating the imminent imposition of an assessment for roof and other related work. Yet, plaintiff, who at all times was represented by counsel, never made further inquiry nor requested that defendants furnish him with additional information concerning the condition of the building. The law is established that "[w]here a party has means available to him for discovering, 'by the exercise of ordinary intelligence', the true nature of a transaction he is about to enter into, 'he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations' *(Schumaker v Mather,* 133 NY 590, 596 [1892])" *(East End Owners Corp. v Roc-E. End Assocs.,* 128 AD2d 366, 370-371). It is evident that plaintiff, with the exercise of ordinary care or intelligence, could have ascertained the condition of the building prior to acquiring the apartment, and his failure to expend reasonable diligence in doing so mandates dismissal of the eleventh cause of action. Finally, plaintiff's reliance on such cases as *Horn v 440 E. 57th Co.* (151 AD2d 112) and *Tahini Invs. v Bobrowsky* (99 AD2d 489) is misplaced since these matters are distinguishable. Concur—Sullivan, J. P., Milonas, Ross, Kassal and Rubin, JJ.