■ P. CHIMENTO CO., INC., Appellant, v BANCO POPULAR DE PUERTO RICO et al., Respondents. [617 NYS2d 157] —Judgment, Supreme Court, New York County (Martin Schoenfeld, J.), entered October 26, 1993, which granted defendants' motion to dismiss the complaint at the close of plaintiff's case pursuant to CPLR 4401 and awarded judgment to defendants, unanimously affirmed, with costs.

The trial court properly determined that plaintiff did not establish a prima facie case on any of the three causes of action in the complaint. In that regard, the law is settled that in order to establish fraud, the following elements must be demonstrated: (1) misrepresentation of a material fact; (2) scienter; (3) justifiable reliance; and (4) injury or damages *(Gouldsbury v Dan's Supreme Supermarket,* 154 AD2d 509, 510-511, *lv denied* 75 NY2d 701). Plaintiff's proof failed to demonstrate most of the allegations of fraud. As was explained in *Brown v Lockwood* (76 AD2d 721, 731), "[i]t is the general rule that fraud cannot be predicated upon statements which are promissory in nature at the time they are made and which relate to future actions or conduct * * *. Mere unfulfilled promissory statements as to what will be done in the future are not actionable as fraud".

A sophisticated businessman such as plaintiff's president could hardly have reasonably accepted at face value the purported misstatements made by defendant bank's officer and then used them as the basis for this substantial purchase of real property. In any event, as the Court in *Lane v McCal-*

*lion* (166 AD2d 688, 690) declared, "[a]bsent a present intent to deceive, a statement of future intentions, promises or expectations is not actionable as fraud". Moreover, notwithstanding plaintiff's assertion that it was not incumbent upon it to undertake an independent evaluation of the rental situation, it has frequently been held that a party is not entitled to recovery when, with the exercise of ordinary care or intelligence, it could have ascertained the true nature of the transaction involved but failed to do so *(see, e.g., Ittleson v Lombardi,* 193 AD2d 374; *198 Ave. B Assocs. v Bee Corp.,* 155 AD2d 273).

Plaintiff's own evidence clearly demonstrates that, despite having the means and ability to call upon the assistance of legal counsel, accountants and real estate experts, it took no action at all to acquaint itself with the prevailing rental rates for commercial property or the availability of tenants. Equally significant, plaintiff's president had already decided to purchase the subject property before the bank's officer made any statements regarding what rental income could be expected, so there is no indication that he was induced to enter into the deal because of the alleged misrepresentations. Plaintiff's lack of diligence is particularly striking since it did not intend to use the property in its trucking business, but exclusively as a real estate investment. Banco Popular did not prevent, or even discourage, plaintiff from contacting potential brokers or tenants or otherwise investigating the condition of the rental market. Consequently, the trial court was warranted in finding, as a matter of law, that plaintiff had not demonstrated fraud or negligent misrepresentation.

There is, furthermore, no legal authority for the proposition that a normal commercial relationship between a bank and a customer assumes a fiduciary nature whenever the officers of a company and the officers of the bank become friendly. Although it is true that an informal fiduciary relationship may arise when one party places special trust and confidence in another such that the first party becomes dependent upon the second party *(see, Matter of Gordon v Bialystoker Ctr. & Bikur Cholim,* 45 NY2d 692), plaintiff has not established any circumstances in which Banco Popular could conceivably be deemed to have established a fiduciary relationship with plaintiff so as to justify submitting the matter to a jury. Concur—Sullivan, J. P., Carro, Rosenberger, Wallach and Rubin, JJ.