■ CRAFTON BUILDING CORP., Appellant-Respondent, v ST. JAMES CONSTRUCTION CORP., Respondent-Appellant, et al., Defendants. [633 NYS2d 795] —In an action to foreclose a mortgage, the plaintiff, Crafton Building Corp., appeals from so much of an order of the Supreme Court, Richmond County (Amann, J.), entered July 3, 1994, as denied the branch of its motion which was for summary judgment on the complaint, and the defendant St. James Construction Corp. cross-appeals from so much of the same order as denied its cross motion, in effect, for summary judgment rescinding or reforming the underlying note and purchase money mortgage. The appeal brings up for review so much of an order of the same court, dated September 22, 1994, as, upon reargument, adhered to the original determination (see, CPLR 5517 [b]).

Ordered that the appeal from the order entered July 3, 1994, is dismissed, as that order was superseded by the order dated September 22, 1994, made upon reargument; and it is further,

Ordered that the order dated September 22, 1994, is modified

by (1) deleting the provision thereof which adhered to the provision of the order entered July 3, 1994, denying the branch of the plaintiff's motion which was for summary judgment on the complaint, and substituting therefor a provision granting that branch of the plaintiff's motion and, (2) upon searching the record, adding thereto a provision granting the plaintiff summary judgment dismissing the defendant's counterclaims; as so modified, the order dated September 22, 1994, is affirmed insofar as reviewed, and the provision of the order entered July 3, 1994, which denied the branch of the plaintiff's motion which was for summary judgment is vacated; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff sold a parcel of land to the defendant St. James Construction Corp. (hereinafter St. James) which was secured by a note and purchase money mortgage. The plaintiff commenced this mortgage foreclosure action alleging, *inter alia,* that St. James defaulted on the note. In its answer, St. James alleged, *inter alia,* as a "first affirmative defense and counterclaim", that it was fraudulently induced to enter into the note and purchase money mortgage. The plaintiff moved, *inter alia,* for summary judgment on the complaint, and St. James crossmoved, *inter alia,* to rescind the note and purchase money mortgage or to reform the contract. The Supreme Court denied both the motion and the cross motion. Upon reargument, the court adhered to its prior determination. We find that the plaintiff was entitled to summary judgment on the complaint and upon searching the record we grant summary judgment to the plaintiff dismissing the defendant's counterclaims.

All of St. James' affirmative defenses and counterclaims are based upon the allegation that the plaintiff fraudulently induced it to enter into the subject note and purchase money mortgage via its assurances that the necessary approvals from the Department of City Planning could be obtained within a four-month period.

In order to sustain a cause of action to recover damages for fraud, a party must prove (1) that the defendant made a representation, (2) as to a material fact, (3) which is false, (4) and known to be false by the defendant, (5) that the representation was made for the purpose of inducing the other party to rely upon it, (6) that the other party rightfully did so rely, (7) in ignorance of its falsity, (8) to his injury. Absent an intent to deceive, mere unfulfilled promissory statements as to what will be done in the future are not actionable as fraud *(see, Brown v Lockwood,* 76 AD2d 721; *see also, Chimento Co. v Banco Popular de Puerto Rico,* 208 AD2d 385; *Mechanical Plastics*

*Corp. v Rawlplug Co.,* 119 AD2d 641). In this respect, a cause of action based upon a statement of future intention must allege facts to show that the defendant, at the time the promissory statements were made, never intended to honor or act upon his statements *(see, Lanzi v Brooks,* 54 AD2d 1057, *affd* 43 NY2d 947).

Here, St. James failed to offer any proof that the plaintiff knew that its representation was false. In addition, we find that based upon the language of the promissory note and mortgage dated May 31, 1990, the plaintiff was entitled to foreclose the subject mortgage upon St. James' default in making the payments of principal due thereunder. Consequently, the plaintiff's motion for summary judgment on the complaint should have been granted, and upon searching the record, we grant summary judgment dismissing the counterclaims *(see, Berner v Moore Bus. Forms,* 204 AD2d 1072; *Barrett v Littles,* 201 AD2d 444; *Getty Petroleum Corp. v DeIorio,* 194 AD2d 762). Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.