■ IRENE G. LANDES, Respondent, v DANIEL SULLIVAN et al., Appellants. [651 NYS2d 731] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Relihan, Jr., J.), entered October 13, 1995 in Tompkins County, which, *inter alia*, granted plaintiff's motion for summary judgment except with regard to the amount of damages and counsel fees, (2) from an order of said court, entered February 21, 1996 in Tompkins County, which granted plaintiff's motion for partial summary judgment on the issue of damages, (3) from the judgment entered thereon, (4) from an order of said court, entered April 30, 1996 in Tompkins County, awarding plaintiff counsel fees, and (5) from the judgment entered thereon.

In 1988 plaintiff, a retired school teacher, sold defendants her unit in a condominium complex located in the City of Rye, Westchester County. Defendant Daniel Sullivan was at that time an associate in a well-known New York City law firm. The selling price for the unit was $205,000 and plaintiff took back a purchase-money mortgage in the amount of $27,000. The contract of sale contained a merger clause which provided, *inter alia*, that defendants had inspected the unit, were acquainted with its present physical condition and agreed to accept the unit "as is".

The note that defendants signed at closing provided for monthly payments beginning on December 1, 1988 and for a balloon payment 60 months later. In the event of default, plaintiff had the right to accelerate the loan on 30 days' notice and defendants would be responsible for plaintiff's costs and expenses in enforcing the note.

Defendants did not make the balloon payment which was

due in October 1993, but plaintiff continued to accept monthly payments thereafter. Defendants made no further payments after October 1994. On December 15, 1994, plaintiff's attorney sent a letter to defendants accelerating the indebtedness and giving them 30 days to cure their default. Two other letters were sent on January 27, 1995 and March 22, 1995. Plaintiff commenced this action in March 1995. Defendants served an answer with affirmative defenses and five counterclaims. Plaintiff moved for summary judgment and Supreme Court granted the motion except as to damages and counsel fees, which were the subject of a subsequent motion for partial summary judgment. Defendants appeal from the various orders and judgments striking their answer with counterclaims and fixing damages and counsel fees.

We disagree with defendants' contention that plaintiff's motion for summary judgment should not have been granted because discovery had not yet taken place. The mere fact that discovery has not taken place does not preclude a motion for summary judgment (*see, Bosio v Selig*, 165 AD2d 822). Here, defendants have failed to " 'demonstrate how further discovery might reveal the existence of' [relevant] evidence" (*Atomergic Chemetals Corp. v Hartford Acc. & Indem. Co.*, 193 AD2d 551, quoting *Home Sav. Bank v Arthurkill Assocs.*, 173 AD2d 776, 777, *lv dismissed* 78 NY2d 1071).

Defendants contend that plaintiff acted fraudulently by representing that the unit was in good repair when in fact the complex as a whole needed roofing and other repairs. Defendants claim that they told plaintiff that they expected to sell the property in a relatively short period of time and wanted to turn a quick profit. In support of their fraud claim, defendants produce a 1991 letter from the Board of Managers (hereinafter the Board) indicating that the slate roof needed to be repaired and a 1994 inspection report indicating that the complex had wet cellars that required repair. A letter accompanying the inspection report indicates that these problems had been discussed by the Board since 1986.

In order to establish fraud, the following elements must be proven: (1) misrepresentation of a material fact; (2) scienter; (3) justifiable reliance; and (4) injury or damages (*see, Chimento Co. v Banco Popular de Puerto Rico*, 208 AD2d 385; *see also, Crafton Bldg. Corp. v St. James Constr. Corp.*, 221 AD2d 407, 408; *Hausler v Spectra Realty*, 188 AD2d 722, 723). The merger clause contained in the contract of sale bars any claims related to the particular unit purchased by defendants. Although a general merger clause does not serve to exclude parol evidence

of fraud in the inducement, a " 'specific disclaimer destroys the allegations in plaintiff's complaint that the agreement was executed in reliance upon these contrary oral [mis]representations' " (*Weiss v Shapolsky*, 161 AD2d 707, *lv dismissed* 76 NY2d 889, quoting *Danann Realty Corp. v Harris*, 5 NY2d 317, 320-321). In this case, the contract of sale indicated that defendants had an opportunity to inspect the premises, that they were taking the unit "as is" and that they had not relied upon any representations by plaintiff as to the physical condition of the premises (*see, Salerno v D'Alessandro*, 213 AD2d 391, 392). We conclude that this clause is sufficiently specific to bar defendants from claiming that they were fraudulently induced to purchase the unit (*see, id.; Weiss v Shapolsky, supra,* at 707-708).

Defendants claim that plaintiff had knowledge of the condition of the complex at the time of the sale because the information was before the Board and thus known to her. This claim is completely conclusory and does not suffice to defeat plaintiff's motion for summary judgment (*see, Amatulli v Delhi Constr. Corp.,* 77 NY2d 525, 533; *Rebecchi v Whitmore,* 172 AD2d 600, 601). Indeed, in the six years between the sale and the 1994 structural report, defendants had access to the records of the Board as defendant Vickie B. Sullivan was a Board member. Their assertion that they were not part of the "in crowd" at the complex and could not easily obtain such information is not chargeable to plaintiff.

Defendants claim that plaintiff also acted fraudulently because she indicated to them at the time of sale that they would be able to sell their unit at a profit and would reduce the amount of the note if they were unable to do so. It is important to point out, however, that this purported representation was not memorialized in the promissory note signed by defendants. Defendants claim that they did not receive the note until closing and did not insist that such language be added because they trusted that plaintiff would make such an adjustment. However, as previously noted, Daniel Sullivan is himself an attorney and is presumably aware of the significance of signing a contractual agreement that allegedly fails to contain a material term of the bargain. Plaintiff, of course, denies that any such representation was ever made.

To the extent that defendants assert that plaintiff fraudulently represented that the unit could be sold for a profit in the future, it is clear that "a representation of opinion or a prediction of something which is hoped or expected to occur in the future will not sustain an action for fraud" (*Zanani v Savad,*

217 AD2d 696, 697; *Chimento Co. v Banco Popular de Puerto Rico*, 208 AD2d 385, *supra*). Defendants' claim that plaintiff committed fraud by refusing to reduce the face amount of the note as she allegedly promised is also without merit. As a general rule, an unfulfilled promise as to what will be done in the future is not actionable unless it is made with the intent not to perform or with the knowledge that the act will not be performed (*see, Meehan v Meehan*, 227 AD2d 268, 270; *Crafton Bldg. Corp. v St. James Constr. Corp.*, 221 AD2d 407, 408-409, *supra*; *Wilsen Assocs. Real Estate Corp. v Pizilly*, 204 AD2d 777, 778). We agree with Supreme Court, however, that a promise to perform must be definite to be enforced. The promise allegedly made by plaintiff is virtually boundless, with no indication as to the time for performance, despite conceded fluctuations in the Westchester real estate market. We conclude that the purported promise, if indeed there was one, was an indefinite "agreement to agree" and is therefore unenforceable (*see, Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91; *Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 482, *cert denied* 498 US 816).

Finally, we agree with plaintiff that the arm's length relationship between plaintiff as creditor and defendants as debtors did not give rise to a fiduciary relationship (*see, Banque Nationale de Paris v 1567 Broadway Ownership Assocs.*, 214 AD2d 359, 360; *Bank Leumi Trust Co. v Block 3102 Corp.*, 180 AD2d 588, 589, *lv denied* 80 NY2d 754).

We have considered defendants' remaining arguments and find them to be without merit.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the orders and judgments are affirmed, with costs.