■ MAGU REALTY COMPANY et al., Appellants, v SPARTAN CONCRETE CORPORATION et al., Respondents. [658 NYS2d 45] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Floyd, J.), dated December 20, 1995, which granted the defendants' respective motions for summary judgment dismissing the complaint.

Ordered that the order is modified, by (1) deleting the provisions thereof which granted those branches of the respective motions for summary judgment brought by the defendants Spartan Concrete Corporation, and the defendants Heartland Selling Corporation and Gerald Wolkoff, which were to dismiss the causes of action to recover damages for breach of contract, and substituting therefor a provision denying those branches of the motions, and (2) adding a provision thereto dismissing the plaintiffs' claims against these defendants for actual damages for breach of contract; as so modified, the order is affirmed, without costs or disbursements.

The defendants were hired by the plaintiffs in 1985 to provide various services for a concrete construction project at premises owned by the plaintiff Creative Bath Products, Inc. After the completion of the project and after the building was in use, the plaintiffs noticed cracking in the concrete slab and commenced this action. The plaintiffs have since sold the premises. The record indicates that the plaintiffs did not make any repairs or incur any loss prior to the sale of the premises. Nor do they have any future obligation to the present building owner to make or pay for repairs or to continue with this litigation.

We agree with the Supreme Court that the plaintiffs failed to state a cause of action to recover damages for architectural

negligence against the defendants Joseph T. Matthews & Associates and Joseph T. Matthews since there is no evidence that those defendants negligently performed their services. Accordingly, those defendants were entitled to dismissal of the complaint insofar as it was asserted against them (*see*, CPLR 3211 [a] [7]).

We also agree that the plaintiffs failed to submit evidentiary proof of detrimental reliance so as to defeat that branch of the motion by the defendants Heartland Selling Corporation and Gerald Wolkoff which was for summary judgment dismissing the fraud causes of action against them (*see*, *Crafton Bldg. Corp. v St. James Constr. Corp.*, 221 AD2d 407).

However, although the plaintiffs have failed to demonstrate that they incurred any actual damages resulting from the alleged breach of contract by the defendants Spartan Concrete Corporation, Heartland Selling Corporation, and Gerald Wolkoff, they may still be entitled to nominal damages to vindicate their rights arising from the alleged breach of contract (*see*, *Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.*, 88 AD2d 461; *see also*, *Freund v Washington Sq. Press*, 34 NY2d 379). Moreover, there remain triable material issues of fact with respect to the breach of contract cause of action (*see*, *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851). Accordingly, these defendants were not entitled to summary judgment dismissing that portion of the complaint which alleged breach of contract against them. Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.