■ MARY R. A. V. LONG et al., Appellants, v EDWARD N. FITZGERALD, JR., Respondent, et al., Defendants. [659 NYS2d 544] —Cardona, P. J. Appeal from an order of the Supreme Court (Torraca, J.), entered February 16, 1996 in Sullivan County, which, *inter alia*, granted the motion of defendant Edward N. Fitzgerald, Jr. for summary judgment dismissing the complaint against him.

In August 1991, plaintiffs entered into a contract with defendant Edward N. Fitzgerald, Jr. (hereinafter defendant) to purchase property located at 77 Phillipsport Road, within the Town of Mamakating, Sullivan County. The contract of sale contained merger and "as is" clauses which provided, *inter alia*, that plaintiffs inspected the buildings on the premises, were acquainted with their physical condition and agreed to accept them "as is". The contract permitted plaintiffs to conduct an inspection of the premises for, *inter alia*, pest infestation. Prior to the signing of the contract, plaintiffs contracted with defendant Liberty Pest Control, Inc. to do an inspection for pests, which was done on August 16, 1991. While Liberty's report concluded that there was no infestation at that time, it also stated that, *inter alia*, the garret area and the crawl space below the dwelling were inaccessible and that the report was not a structural damage report or a warranty as to the absence

of wood destroying insects. Prior to the closing, defendant personally installed 220-volt wiring within the dwelling and repaired the front and rear steps, the soffets, the subfloor and the floor. Plaintiffs moved into the premises between September 27, 1991 and October 31, 1991. During inspection of the premises prior to the closing, plaintiffs were given access to the crawl space and the garret area by defendant.

Thereafter, in February 1994, plaintiffs allegedly discovered that there was a crack in one of the main support beams beneath the house, access to which was gained through the crawl space. In July 1994, as a result of major renovation work to the premises, plaintiffs reportedly discovered substantial termite and carpenter ant infestation. Upon further inspection, it was determined that the main support beams of the first floor were severely cracked in three places. Plaintiffs further claimed extensive infestation in the entire support beam structure by powder post beetles, carpenter ants and termites. Plaintiffs argued that the infestation, together with the cracked and destroyed condition of the beamwork, rendered the premises unfit for habitation.

Plaintiffs' complaint alleges three causes of action against defendant, namely, unilateral mistake of contract, fraud and misrepresentation, and breach of implied warranty of habitability.[1] Defendant moved for summary judgment and Supreme Court, *inter alia*, granted the motion.[2] Plaintiffs now appeal.

Initially, plaintiffs argue that Supreme Court erred in dismissing their cause of action alleging that defendant induced them to enter into the contract by making false and fraudulent misrepresentations to them and the Liberty pest inspector that the house was free from infestation. According to plaintiffs, defendant had to have known of the extreme infestation in the premises by virtue of the repairs he made to the premises, which allegedly included repairs strengthening the cross beams. Plaintiffs contend that defendant had a duty to disclose this information. On this point, we note that plaintiffs' submissions speculate that the infestation present in 1994 was also present in 1991 and, more importantly, that de-

1. The record indicates that plaintiffs' claims against all other defendants, including Liberty, have apparently either been dismissed, settled or discontinued and there are no issues on appeal concerning the status of these former parties.

2. Along with dismissing the first two causes of action against defendant, Supreme Court also dismissed plaintiffs' third cause of action alleging breach of implied warranty of habitability. However, plaintiffs raise no arguments in their brief with respect to this claim. Accordingly, we deem this issue to be abandoned.

fendant had *knowledge* of the alleged infestation. Nothing in plaintiffs' papers indicates that proof establishing such knowledge is reasonably forthcoming. Thus, plaintiffs have not sufficiently raised a question of fact on the "scienter" element of a claim of fraud (*see, Landes v Sullivan*, 235 AD2d 657, 658).

Furthermore, regardless of the merit of plaintiffs' assertions with respect to defendant's representations, we note additionally that it is settled law that "a general merger clause does not serve to exclude parol evidence of fraud in the inducement, a ' "specific disclaimer destroys the allegations in plaintiff[s'] complaint that the agreement was executed in reliance upon these contrary oral [mis]representations" ' " (*id.*, at 659, quoting *Weiss v Shapolsky*, 161 AD2d 707, *lv dismissed* 76 NY2d 889, quoting *Danann Realty Corp. v Harris*, 5 NY2d 317, 320-321). Here, the parties' contract specifically afforded plaintiffs the opportunity to inspect for infestation and other defects. Plaintiffs were not relying upon representations made by defendant as to the physical condition of the premises in taking the property "as is" (*see, Landes v Sullivan, supra*, at 659).[3]

Moreover, even if the subject merger clauses were not a bar to plaintiffs' fraudulent inducement cause of action, the claim could not succeed. In a real property contract, unless the facts represented are matters peculiarly within one party's knowledge, the other party must make use of means available to him to learn, by the exercise of ordinary intelligence, the truth of such matters " 'or he will not be heard to complain that he was induced to * * * the transaction' " (*Danann Realty Corp. v Harris, supra*, at 322, quoting *Schumaker v Mather*, 133 NY 590, 596; *see, Casey v Masullo Bros. Bldrs.*, 218 AD2d 907, 908; *Callahan v Miller*, 194 AD2d 904, 906). In this case, plaintiffs were made aware before they signed the contract that Liberty had not inspected the areas where they now claim infestation destroyed the structural integrity of the premises. Nevertheless, although they knew that Liberty was allegedly denied this access, they concede that defendant allowed them access to these precise areas. Under these circumstances, plaintiffs should have made use of such means available to them to have these areas thoroughly inspected prior to closing consistent with their contract rights and they may not now complain that they were induced into the contract by representations made by defendant. Thus, Supreme Court was correct in granting

---

3. We note that although plaintiffs challenge representations allegedly made by defendant to Liberty's pest inspector, plaintiffs could not have relied on them since they are not mentioned in the report.

judgment to defendant with regard to plaintiffs' claim for fraud and misrepresentation.[4]

Plaintiffs also allege that Supreme Court improperly dismissed their claim seeking to void the contract based upon unilateral mistake. Plaintiffs cannot obtain relief for unilateral mistake of contract absent a showing of fraud, duress or similar inequitable conduct (*see, Village of Waterford v Camproni*, 200 AD2d 930, 932). Here, even if plaintiffs had raised triable questions of fact on the issue of fraud, a contract may be voided for unilateral mistake of fact only where enforcement of the contract would be unconscionable, the mistake is material and was made despite the exercise of ordinary care (*see, Morey v Sings*, 174 AD2d 870, 872). As previously discussed, plaintiffs were able prior to closing, in the exercise of ordinary care, to discover what they now claim was a unilateral mistake of contract and, therefore, the contract cannot be voided. Accordingly, this claim too was properly dismissed.

Lastly, plaintiffs contend that summary judgment should be denied because discovery against defendant has not been commenced. However, our examination of the materials submitted by plaintiffs in opposition to defendant's motion reveals no proof demonstrating that facts essential to justify opposition may exist but cannot be stated before the completion of discovery (*see, R.C.S. Farmers Mkts. Corp. v Great Am. Ins. Co.*, 56 NY2d 918; *Landes v Sullivan*, 235 AD2d 657, *supra*). Accordingly, Supreme Court did not err in granting summary judgment at this juncture.

Mercure, Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.

---

4. Plaintiffs also claim that an issue of fact existed with respect to defendant's representations concerning when defendant purchased the premises and when it was built. However, even if such issues of fact existed, they did not preclude summary judgment because they were not relevant to plaintiffs' causes of action in the instant case. Accordingly, Supreme Court was correct in determining that plaintiffs failed to submit proofs raising material issues of fact which would require a trial.