■ MARINE MIDLAND BANK, N. A., Respondent, v EARL J. WALSH, Appellant. [689 NYS2d 288] —Crew III, J. Appeal from a judgment of the Supreme Court (Keniry, J.), entered January 29, 1998 in Saratoga County, which granted plaintiff's motion for summary judgment.

In 1981, plaintiff loaned approximately $47,000 to Heidi Krchniak to open a restaurant in the Village of Ballston Spa, Saratoga County. The loan was secured by a second mortgage on the property and defendant, who apparently was acquainted with Krchniak, signed a guaranty. Thereafter, in March 1983, the loan was refinanced and defendant again executed a guaranty securing the underlying indebtedness (then approximately $57,000). Krchniak apparently defaulted, prompting plaintiff to commence this action against defendant in 1985. The complaint apparently was amended in 1990 to state a cause of action for foreclosure. For reasons not relevant to this appeal, that avenue proved to be unsuccessful and the complaint was amended once again to convert this action to an action based upon the underlying promissory note.

Following joinder of issue and discovery, plaintiff moved for summary judgment. Defendant opposed the motion, contending that he had been fraudulently induced to execute the guaranty based upon plaintiff's representations that it would, in exchange for defendant's guaranty, release the mortgage held on the property. Supreme Court granted plaintiff's motion and this appeal by defendant ensued.

We affirm. The law governing this dispute may be simply stated and is not disputed by the parties. Although a general merger clause cannot serve to exclude parol evidence of fraud in the inducement (*see, Sabo v Delman*, 3 NY2d 155, 161; *Landes v Sullivan*, 235 AD2d 657, 658-659), a specific disclaimer is sufficient to destroy a plaintiff's allegation that the agreement at issue was executed in reliance upon contrary oral representations (*see, Danann Realty Corp. v Harris*, 5 NY2d 317, 320-321; *Landes v Sullivan, supra*, at 659; *Marine Midland Bank v Cafferty*, 174 AD2d 932, 933). The issue on appeal thus distills to whether the guaranty executed by defendant in March 1983 contains sufficiently specific language to bar his defense of fraud in the inducement.

The subject guaranty provides, in relevant part, as follows:

"This Guaranty is and is intended to be a continuing guaranty of the Indebtedness * * * independent of and in addition to any other guaranty, indorsement, collateral or other agreement held by Bank therefor or with respect thereto, whether or not furnished by Guarantor. * * *

"This Guaranty is absolute and unconditional and shall not be changed or affected by any representation, oral agreement, act or thing whatsoever, except as herein provided. This Guaranty is intended by Guarantor to be the final, complete and exclusive expression of the agreement between Guarantor and Bank. No modification or amendment of any provision of this Guaranty shall be effective unless in writing and signed by a duly authorized officer of Bank."

Although the guaranty at issue here admittedly makes no reference to the release of the subject mortgage (compare, Dannann Realty Corp. v Harris, supra, at 320 ["plaintiff has in the plainest language announced and stipulated that it is not relying on any representations as to the very matter as to which it now claims it was defrauded"]), we nonetheless conclude that the substance of defendant's "absolute and unconditional" guaranty, which could not be affected by any "oral agreement", modified "unless in writing" and plainly was "intended * * * to be the final, complete and exclusive expression of the agreement" between plaintiff and defendant, forecloses defendant's claim that he was fraudulently induced to execute such guaranty based upon plaintiff's alleged promise that it would release the underlying mortgage (see, Citibank v Plapinger, 66 NY2d 90, 95).

Moreover, even accepting defendant's argument that the foregoing language is not sufficient to constitute a disclaimer, plaintiff nevertheless demonstrated its entitlement to summary judgment. In view of the language of the guaranty, the documentary evidence submitted by plaintiff in support of its motion and the affidavit tendered by one of plaintiff's assistant vice-presidents, who averred that he was unaware of any promise made by plaintiff to release the underlying mortgage, defendant was required to come forward with something more than his conclusory assertion that plaintiff promised to remove the mortgage lien from the subject property. To this end, defendant offered the affidavit of John Merola, who was employed by plaintiff during the relevant time period and who averred that " 'rolling over' one obligation into another, and releasing collateral in the process, [was the] kind of transaction that was done by [him] and other loan officers" in plaintiff's employ. While Merola's affidavit does not directly contradict defendant's

version of the transaction at issue, Merola expressly states that he "remember[s] nothing of the specifics of [plaintiff's] loan to * * * Krchniak * * * either in 1981 or 1983". Accordingly, Merola's affidavit is of no aid to defendant.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.