■ DAVID HEFTER, Appellant, v CITI HABITATS, INC., et al., Respondents, et al., Defendants. [993 NYS2d 692]—

Order and judgment (one paper), Supreme Court, New York County (Louis B. York, J.), entered September 25, 2013, dismissing the complaint as against defendants Citi Habitats, Inc.; NRT, LLC; The Corcoran Group, Inc.; and Christine Toes (the broker defendants) and Orsid Realty Corp. (Orsid), unanimously affirmed, with costs.

Plaintiff contends that defendant Orsid, an agent for a disclosed principal, assumed an affirmative duty to him "to speak accurately and honestly" when it responded to his counsel's question whether maintenance fees for the cooperative apartment he was contemplating purchasing were expected to increase, and that it breached this duty when it responded, "Unknown" (see *Greco v Levy*, 257 App Div 209, 211 [1st Dept 1939], *affd* 282 NY 575 [1939]). However, Orsid's answer to counsel's question was not inaccurate (see *J.A.O. Acquisition Corp. v Stavitsky*, 18 AD3d 389 [1st Dept 2005]; *MatlinPatterson ATA Holdings LLC v Federal Express Corp.*, 87 AD3d 836, 840 [1st Dept 2011], *lv denied* 21 NY3d 853 [2013]). Plaintiff testified that counsel explained to him in March 2008 that his maintenance for January 1, 2009 would be calculated at 8% of the fair market value of the land, "an unknown figure."

Plaintiff also complains that Orsid failed to provide him with the minutes of the 2007 coop shareholders meeting, at which the potential increase in maintenance was discussed. However, the record reflects that, as a matter of coop policy, the minutes were available to plaintiff and his counsel on request. Plaintiff's failure to exercise due diligence to determine the true nature of the transaction he was about to enter into is fatal to his claim of fraud or deception (see *Ittleson v Lombardi*, 193 AD2d 374 [1st Dept 1993]).

Plaintiff's fraud and negligent misrepresentation claims against the broker defendants are predicated on defendant Toes's statement that she did not know how much the increase in maintenance would be but guessed it might be 15%. This statement does not misrepresent any material existing fact, but is a statement merely of "prediction or expectation," and is therefore not actionable (*see Pacnet Network Ltd. v KDDI Corp.*, 78 AD3d 478, 479 [1st Dept 2010]). Concur—Gonzalez, P.J., Saxe, Richter, Feinman and Kapnick, JJ.