■ TUCK INDUSTRIES, INC., Respondent, v REICHHOLD CHEMICALS, INC., Appellant.—In an action to recover damages for fraud and breach of contract, the defendant Reichhold Chemicals, Inc. appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered May 27, 1987, which denied its motion for summary judgment pursuant to CPLR 3212 and for leave to amend its answer pursuant to CPLR 3025 (b).

Ordered that the order is affirmed, with costs.

The plaintiff Tuck Industries, Inc. (hereinafter Tuck), a manufacturer of masking tape, alleges that from 1958 to 1978 it engaged in a course of dealing with agents of Reichhold Chemicals, Inc. (hereinafter Reichhold), a latex supplier, in which Reichhold would ship to Tuck a latex that came to be known by the parties as Tylac 68-300. The latex was used by Tuck as a saturant in the manufacturing of the tape.

Tuck claims that Tylac 68-300 is a latex formula tailored by

the parties, through their course of dealing throughout the years, to be uniquely suitable to Tuck's manufacturing process. Apparently, Reichhold would test a sample of the latex, submit it to Tuck for its own testing, then ship Tuck a large order after Tuck's formal approval. Tuck alleged this procedure was followed each time there was a variant in the formula being used. Sometime in mid-1978, Reichhold, because of its inability to fill excessive orders of Tylac 68-300 with the formula it had on hand, began shipping a latex containing Tylac and a Firestone latex under the same name of Tylac 68-300. It did not reveal this change to Tuck. Soon thereafter, Tuck experienced difficulties in coating and slitting its tape. This suit ensued after Tuck's elaborate and prolonged testing caused it to conclude that the Reichhold latex was to blame for the irregularities.

We conclude that Tuck's papers submitted in opposition to Reichhold's summary judgment motion raise an issue of fact as to whether the Firestone-Tylac blend of latex, claimed by Reichhold to conform to the specifications, did so conform.

Further, we reject Tuck's claim that its purchase order, not appended to any of its affidavits, was considered by the Supreme Court in reaching its determination since it was not part of the record. We agree, however, that the warranty disclaimer, contained in an invoice apparently sent by Reichhold with each shipment but not countersigned by Tuck, constitutes a material alteration of the alleged terms of sale of the largely unwritten agreement between the parties (see, UCC 2-207, Comment 4). Hence, the warranty disclaimer is not part of the agreement between the parties (see, UCC 2-207 [2] [b]). Accordingly, in light of Tuck's assertions as to the parties' course of dealing, a question of fact exists as to whether an implied warranty of fitness for a particular purpose existed (UCC 2-315) and whether and to what extent the warranty was limited by the parties' course of dealing (UCC 2-316 [3] [c]).

With regard to Tuck's failure to determine the suitability of the latex by "testing and all other means" after shipment, according to the language contained in the invoice, we conclude that an issue of fact exists as to whether the irregularities that surfaced constituted a latent defect in the latex (see, Naples v City of New York, 34 AD2d 577).

Tuck's claim that the terms of the warranty are unconscionable is not properly before this court, not having been raised before the Supreme Court (see, Lister Elec. v Incorporated Vil. of Cedarhurst, 108 AD2d 731); nor is Reichhold's claim that

the cause of action sounding in negligence should be dismissed, since that claim was not raised in its motion for summary judgment *(see, e.g., Schoonmaker v State of New York,* 94 AD2d 741). We decline to exercise our interest of justice jurisdiction to reach either claim. Furthermore, leave to amend Reichhold's answer to add two affirmative defenses numbered fourth and fifth was properly denied. While leave to amend generally is liberally granted, the affirmative defenses sought to be included concern subject matter which can be subsumed under the issue relating to the invoice terms.

We have considered the parties' remaining contentions and find them to be without merit. Bracken, J. P., Rubin, Sullivan and Balletta, JJ., concur.