■ FIRST INTER-COUNTY BANK OF NEW YORK, Respondent, v ROBERT DeFILIPPIS, Appellant.—Appeal from an order, Supreme Court, New York County (Harold Baer, Jr., J.), entered March 24, 1988, which granted plaintiff's motion for summary judgment in lieu of complaint and denied defendant's cross motion for an order directing plaintiff to refund $50,000 to defendant, deemed an appeal from the judgment of the same court entered March 24, 1988, and said judgment is unanimously affirmed, without costs.

Preliminarily, we note that although defendant has neglected to appeal from the judgment subsequent to the order granting summary judgment, the final judgment here only ministerially implements the order, and the appeal should be considered on the merits. *(Neuman v Otto,* 114 AD2d 791; *National Bank v Kory,* 63 AD2d 579.)

Pursuant to an agreement dated September 17, 1987, All Credit Services Inc. contracted to purchase certain indebtedness and choses in action, and related security interests, owed to plaintiff bank by Roadworks Industries, Inc. Defendant DeFilippis, who was a principal of All Credit, and another individual principal of the corporation, Quan, guaranteed All Credit's obligations under the agreement. One provision of the

agreement required All Credit to deposit $150,000 as security for its obligations under the agreement. In fulfillment of this provision, defendant DeFilippis delivered two of his own personal checks to the plaintiff bank, one in the amount of $50,000 which was cashed by plaintiff and another in the amount of $100,000 which was dishonored when presented for payment, since defendant "stopped payment" on the check.

Plaintiff commenced this action by way of service of a summons and a motion for summary judgment in lieu of complaint pursuant to CPLR 3213. In support of the motion, plaintiff made reference to the agreement, which contains the unconditional obligation to pay the sum, and a copy of the check.

In opposition to the motion, defendant claimed that the agreement between All Credit and the bank should be invalidated on the grounds of failure of consideration and fraudulent inducement by the bank and its principals. Defendant also questioned the propriety of the use of the accelerated procedures of CPLR 3213. In a brief memorandum, the IAS court rejected defendant's arguments and granted plaintiff summary judgment in lieu of complaint. We affirm.

The use of the accelerated procedures of CPLR 3213 for summary judgment in lieu of complaint is appropriate in these circumstances. A check is an "instrument for the payment of money only", and due execution of the check and the circumstances under which it was given were sufficiently set forth in the moving papers (Seaman-Andwall Corp. v Wright Mach. Corp., 31 AD2d 136, affd 29 NY2d 617). The defenses set forth, alleging impropriety in the underlying contract as the reason for the stoppage of payment of the check, do not alter the character of the check as an instrument for the payment of money only or prevent the use of the CPLR 3213 procedure.

Turning to the substantive grounds raised in opposition to the motion for summary judgment, which amount to a claim of fraudulent inducement and failure of consideration, we find that the papers submitted on this motion do not make a sufficient showing to raise a triable issue of fact on these points in relation to the obligation covered by the $100,000 check. (See, Danann Realty Corp. v Harris, 5 NY2d 317.) Moreover, these conclusory allegations, even if accepted, do not establish any fraud. Some of the claimed misrepresentations, such as the claim that the bank's principals misrepresented that other members of the bank's board were not suing Roadworks' affiliates, when in fact they were, and the conceal-

ment of Irwin Schiff's involvement with Roadworks, were, even by the defendant's own account, made after the contract was executed. Therefore, it is impossible that these representations, made after the contract was executed, could have *induced* defendant to enter into the contract. Furthermore, the specific and unambiguous disclaimers contained in the agreement, concerning the senior secured interests held by other parties, operate as a bar to defendant's claim of fraud in this regard. The disclaimer of reliance upon the bank's representations as to these issues, contained in a specific, negotiated portion of the agreement, forecloses the claim of fraud. *(See, Citibank v Plapinger,* 66 NY2d 90.)

Similarly, defendant's claim that the bank misrepresented the amount of the Roadworks' mortgage as $2.3 million is insufficient to raise a question of fact, since it is uncontradicted that the mortgage itself was attached to the agreement when defendant signed it and stated on its face that the mortgage was for the amount of $1.25 million. Concur—Sullivan, J. P., Carro, Milonas, Ellerin and Wallach, JJ.