■ VILLAGE OF WATERFORD, Respondent, v EDWARD CAMPRONI, Appellant. [607 NYS2d 435] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Plumadore, J.), entered

December 2, 1992 in Saratoga County, which granted plaintiff's motion for summary judgment.

In 1987, defendant applied to plaintiff for Federal Small Cities Block Grant funds to enable him to effect certain repairs and rehabilitative work on the two-family dwelling he owned and occupied. In 1988, as part of the application process, the local housing program rehabilitation officer, in accordance with program guidelines, verified ownership of the property along with defendant's income, and that of the tenants occupying the other half of the property. A grant in the amount of $8,155 was approved and defendant signed the grant agreement, which included a certification of the income figures upon which eligibility was based and also a provision permitting termination of the agreement and recoupment of the funds disbursed in the event any of the terms or conditions of the agreement were not satisfied. Defendant avers that he had no knowledge of the income of the tenants, his stepdaughter and her husband, and that he relied upon the figures obtained from those parties by the rehabilitation officer when completing the application and agreement.

After the approved work was performed, it was discovered that the income data provided by the tenants was incomplete, as it failed to include approximately $1,600 earned by defendant's stepdaughter through part-time employment, and that if the tenants' correct income had been reflected that family's income would have exceeded the applicable income ceiling.

Thereafter, on July 11, 1989, plaintiff's Board of Trustees passed a resolution terminating the grant agreement, ordering defendant to reimburse plaintiff in the amount of $1,763.75, and directing the Treasurer and the Village Attorney to take appropriate steps to achieve the reimbursement. The resolution also provided that defendant was to be notified "that failure to settle this obligation in a timely fashion may necessitate action by this board to revoke the sum total of grant assistance * * * to wit: $8,155.00".

Defendant did not repay the amount demanded and, in December 1991, plaintiff instituted this lawsuit to recover the entire $8,155. After issue was joined, plaintiff moved for summary judgment. Supreme Court granted the motion and defendant appeals.

We find unpersuasive defendant's contention that use of the improper income amount for determining eligibility was a "mutual mistake" and that rescission of the contract is inequitable under the circumstances. Having certified the accuracy

of the income figures, defendant cannot avoid the consequences of his representation by claiming mutual mistake (cf., Sears v Grand Lodge, 163 NY 374, 378-379). The mistake at hand was at most a unilateral one, from which defendant cannot obtain relief absent a showing of fraud, duress or similar inequitable conduct (see, Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d 211, 219). Defendant's argument that the income figures were obtained directly from the tenants by plaintiff's appointee, the rehabilitation officer, and that this in some way renders him blameless, is unavailing; plaintiff made no representation that the figures were correct, and when faced with the requirement that he certify their accuracy, defendant was free to take any action he believed necessary to confirm the figures provided by his tenants, and in so doing to minimize the risk of later termination.

There is merit, however, in defendant's assertion that in bringing this suit for the full amount of the grant, plaintiff exceeded the authority conferred by its Board of Trustees. The grant agreement itself contains permissive language, stating that, in the event of termination, "the owner may be required to reimburse any funds that have been disbursed"; thus, it allows for some discretion on the part of plaintiff in determining whether to demand reimbursement in a given case. This discretion was exercised by the Board of Trustees when it explicitly resolved to take the necessary action to recover $1,763.75 from defendant, which is apparently the amount by which his grant exceeded what he would have received had the proper income figures been submitted. Significantly, the resolution contemplated that further Board action would be taken if the entire amount of the grant was to be revoked. Inasmuch as a village mayor, who is empowered to bring civil legal actions in the name of the village, may only do so "at the direction of the board of trustees" (Village Law § 4-400 [1] [d]), and there is no evidence in the record that the Board authorized or subsequently ratified the bringing of a suit for the full amount of the grant assistance provided (see, Seif v City of Long Beach, 286 NY 382, 388-389), judgment should have been rendered for the amount which the Mayor was directed to seek, $1,763.75 plus interest, and should be modified accordingly.*

---

* Although defendant has appealed from the order granting summary judgment and not from the judgment itself, we have deemed the appeal as taken from the judgment which only ministerially implements the order and have considered it on the merits (see, First Inter-County Bank v DeFilippis, 160 AD2d 288).

Cardona, P. J., Mercure, Casey and Weiss, JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reducing the amount for which judgment is granted to $1,763.75, plus appropriate interest, costs and disbursements, and, as so modified, affirmed.