■ New York City Housing Authority, Appellant, v Fosroc Inc., Respondent. [640 NYS2d 506] —Order, Supreme Court, New York County (Walter M. Schackman, J.), entered March 17, 1995, which granted, in part, defendant's motion for summary judgment, unanimously modified, on the facts, to the extent of reinstating plaintiff's claim for consequential damages and otherwise affirmed, with costs.

This action for breach of contract and breach of express warranty arises from plaintiff's purchase of a fast-drying concrete sealer from defendant, purportedly with an oral understanding that the sealer could be applied to fresh cement and could be traversed by pedestrian traffic by early evening of the day it was applied. It is alleged that the product did not live up to its promise and plaintiff suffered extensive consequential damages thereby. Among its defenses, defendant argued that, upon receipt of the product, plaintiff's agent signed an invoice which contained a clause limiting damages to the invoice price. The court below granted defendant's motion for summary judgment to the extent of limiting damages in accordance with the invoice terms.

We reverse the order of the Supreme Court, insofar as it has

been appealed, and reinstate the cause of action for consequential damages. Defendant's contentions notwithstanding, our review of the record reveals no support for the claim that plaintiff or its agent signed the invoice. Since this factual allegation is a critical feature of defendant's argument (*see, Tuck Indus. v Reichhold Chems.*, 151 AD2d 566 [2d Dept 1989]), and has been disputed by plaintiff, summary judgment is inappropriate. Concur—Murphy, P. J., Sullivan, Wallach, Ross and Williams, JJ.