■ H. Morris & Partners, Ltd., Respondent-Appellant, v Alfin, Inc., Appellant-Respondent. [650 NYS2d 201] —Defendant's appeal from the order of Supreme Court, New York County (Robert Lippmann, J.), entered September 7, 1995, which assessed plaintiff's damages in the amount of $65,000, is deemed to be an appeal from the "amended judgment", same court and Justice, entered January 23, 1996, awarding plaintiff damages of $65,000 with interest from September 6, 1995. Plaintiff's cross appeal from so much of the "amended and superseding judgment", same court and Justice, entered October 30, 1995, as awarded damages of $65,000, unanimously dismissed, without costs, as superseded by plaintiff's appeal from the aforesaid "amended judgment". The aforesaid "amended judgment" is unanimously modified, on the law, to the extent of awarding interest from September 15, 1993, and otherwise affirmed, without costs. The matter is remanded for a recomputation of interest. Defendant's appeal from the decision of Supreme Court, New York County (Beatrice Shainswit, J.), dated October 28, 1994, which granted plaintiff's motion for summary judgment on the issue of liability, unanimously dismissed, without costs, as taken from a non-appealable paper.

While defendant never appealed from the "amended", i.e., the final, judgment entered herein, that judgment did no more than ministerially implement the order of September 7, 1995, from which defendant did appeal, and, accordingly, defendant's appeal should be considered on the merits (*First Inter-County Bank v DeFilippis*, 160 AD2d 288, *lv denied* 77 NY2d 801). There is no merit to defendant's claim that issues of fact exist as to the actual, implied or apparent authority of its president to enter into the consulting agreement in issue, which was not so unusual as to make it unreasonable for plaintiff to assume such authority (*see, Ullman-Briggs, Inc. v Salton, Inc.*, 754 F Supp 1003, 1006-1007). Nor is there merit to plaintiff's claim that it should have been awarded $72,000, the full value of the contract, absent evidence of its attempts to mitigate damages after defendant's breach. Plaintiff is entitled to prejudgment interest from the date of defendant's breach (CPLR 5001), and

we modify accordingly. Concur—Ellerin, J. P., Wallach, Kupferman, Nardelli and Tom, JJ.