■ EIFS, INC., Plaintiff, and POLYMER PLASTICS CORP. et al., Respondents, v MORIE COMPANY, INC., Appellant. [748 NYS2d 672] —In an action, inter alia, to recover damages for breach of contract and breach of warranty, the defendant appeals from an order of the Supreme Court, Suffolk County (Molia, J.), entered June 11, 2001, which denied its motion to dismiss the first, second, third, fourth, and sixth causes of action asserted by the plaintiffs Polymer Plastics Corp., and Vitricon, Inc., as barred by the statute of limitations.

■ EIFS, INC., et al., Respondents, v MORIE COMPANY, INC., Appellant. [750 NYS2d 86] —In an action, inter alia, to recover damages for breach of contract and breach of warranty, the defendant appeals from an order of the Supreme Court, Suffolk County (Molia, J.), entered November 8, 2001, which denied its motion for summary judgment dismissing the amended complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the fourth cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.

Since the underlying transaction is a sale of goods controlled by Uniform Commercial Code article 2, and the plaintiffs seek to recover damages solely for their economic loss, their remedies against the defendant are limited to contractual remedies, and they may not maintain a tort cause of action to recover

damages for negligence (*see Schiavone Constr. Co. v Elgood Mayo Corp.*, 56 NY2d 667, *revg on dissent at* 81 AD2d 221; *Vitolo v Dow Corning Corp.*, 234 AD2d 361). Accordingly, the plaintiffs' fourth cause of action must be dismissed.

There are questions of fact which preclude the granting of summary judgment on the remaining causes of action, including, inter alia, whether the sand delivered by the defendant to the plaintiffs was nonconforming or contained latent defects which were not discoverable upon reasonable inspection, whether the defendant tailored its sand to be uniquely suitable to the plaintiffs' manufacturing of Energex, its trademarked product, and the nature of the course of dealings between the parties (*see Wilson Trading Corp. v David Ferguson, Ltd.*, 23 NY2d 398; *Cliffstar Corp. v Elmar Indus.*, 254 AD2d 723; *Rudolph v Turecek*, 240 AD2d 935; *Tuck Indus. v Reichhold Chem.*, 151 AD2d 566). Accordingly, those branches of the defendant's motion which were for summary judgment dismissing the plaintiffs' first, second, third, fifth, and sixth causes of action were properly denied. Feuerstein, J.P., S. Miller, Friedmann and Cozier, JJ., concur.