■ ZECHARIAH RIVIETZ et al., Appellants, v MICHAEL WOLO-HOJIAN, Respondent. [832 NYS2d 505]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered April 28, 2006, which granted defendant's motion pursuant to CPLR 3211 (a) (1) and (7) and dismissed the complaint in its entirety, unanimously affirmed, without costs.

On a motion to dismiss for failure to state a cause of action, the complaint should be liberally construed, the facts presumed to be true, and the pleading accorded the benefit of every possible favorable inference (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]). But where the legal conclusions and factual allegations are "flatly contradicted by documentary evidence," they are not presumed to be true or accorded every favorable inference (*Kliebert v McKoan*, 228 AD2d 232, 232 [1996], *lv denied* 89 NY2d 802 [1996]), and the criterion becomes "whether the proponent of the pleading has a cause of action, not whether he has stated one" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

The contract of sale provided that the premises were sold "as is," and contained a merger clause and a no-modification clause, as well as a clause stating it would not survive closing. This clear language more than effectively precludes the claim for breach of contract (*see Crowley Mar. Assoc. v Nyconn Assoc.*, 292 AD2d 334 [2002]). Because plaintiffs were given the opportunity to inspect and were provided with a detailed report by their architect, and there were no allegations or evidence that defendant made any material, false representations or acts of concealment to induce plaintiffs to enter into the contract, there was no justifiable reliance to support a claim of fraudulent misrepresentation (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v Christopher Assoc.*, 257 AD2d 1, 9 [1999]).

A claim predicated on nondisclosure requires a showing that a party is duty-bound to disclose pertinent information (*see Striker v Graham Pest Control Co.*, 179 AD2d 984 [1992], *lv dismissed* 79 NY2d 1040 [1992]). Inasmuch as the premises was a condominium, defendant was not required to provide a property condition disclosure statement (Real Property Law § 462 [1]; § 461 [5]).

We have considered plaintiffs' remaining arguments and find them without merit. Concur—Mazzarelli, J.P., Marlow, Buckley, Sweeny and Kavanagh, JJ.