WAYNE McPHERSON et al., Appellants, v ERSKINE HUS-BANDS et al., Respondents, et al., Defendant. [864 NYS2d 444]—

In an action to recover damages for negligence, breach of contract, and fraud, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Mahon, J.), dated March 19, 2007, which granted the renewed motion of the defendant Dennis Douglas, P.C., pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it, and (2) an order of the same court dated March 20, 2007, which granted the motion of the defendant Erskine Husbands for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order dated March 19, 2007, is reversed, on the law, and the renewed motion of the defendant Dennis Douglas, P.C., pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it is denied; and it is further,

Ordered that the order dated March 20, 2007, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs payable by the defendant Dennis Douglas, P.C.

This action arises out of the sale of a house located in Baldwin, New York, pursuant to a contract of sale between the defendant Erskine Husbands, as seller, and the plaintiffs, as purchasers.

Prior to closing, the defendant Dennis Douglas, P.C. (hereinafter Douglas), an engineer, performed an inspection of the house for the plaintiffs, which revealed the presence of termites in the crawl space in front of the house. In his inspection report, Douglas noted, in addition to the termite condition, among other things, the boiler was in "good shape, showing no sign of leaking activity."

In accordance with certain provisions in the rider attached to the contract of sale, upon being advised of the results of the inspection, Husbands hired the defendant Eliminex Pest Control (hereinafter Eliminex) to treat the termite condition, which it did by spraying in the crawl space and placing termite baits around the perimeter of the house. After taking possession of the premises, the plaintiffs discovered extensive termite damage throughout the house and a leak in the oil line feeding the boiler tank, resulting in contamination of the soil under the house, which ultimately had to be removed by a specialty company, monitored by the Department of Environmental Conservation.

The plaintiffs brought this action against Husbands, Eliminex, and Douglas, alleging breach of contract with regard to all of the defendants, negligence with regard to Douglas and Eliminex, and fraud in the inducement with regard to Husbands.

The Supreme Court properly granted Husbands' motion for summary judgment dismissing the complaint insofar as asserted against him. Husbands established his entitlement to judgment as a matter of law (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]) by submitting an affidavit establishing that the premises were made fully available for inspection by the plaintiffs and their agents without restriction as to length or scope of inspection. Under these circumstances, "the facts represented were not matters peculiarly within the party's knowledge," the plaintiffs had the means available to them of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, and as it was their responsibility to make use of those means, they will not be heard to complain that they were induced to enter into the transaction by misrepresentations (*Bando v Achenbaum,* 234 AD2d 242, 243 [1996]; *see McManus v Moise,* 262 AD2d 370, 371 [1999]; *Long v Fitzgerald,* 240 AD2d 971, 973 [1997]). Since, in opposition to the motion, the plaintiffs failed to submit any evidence showing that Husbands or his agents "thwarted [their] efforts to fulfill [their] responsibilities fixed by the doctrine of caveat emptor" (*Jablonski v Rapalje,* 14 AD3d 484, 485 [2005]; *see Platzman v Morris,* 283 AD2d 561, 562 [2001]), they failed to raise any triable issue of fact precluding the granting

of summary judgment to Husbands (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067 [1979]).

Husbands also established his entitlement to summary judgment on the additional issue of merger, by submitting a copy of the rider attached to and made a part of the contract of sale, pursuant to which the plaintiffs specifically disclaimed reliance on any representations, written or oral, of Husbands and/or his representative. Where, as here, "the parties inserted a specific merger clause into a rider of their contract which declared that the buyers had inspected the premises, agreed to accept it 'as is', and understood that no representations were made as to its condition, the buyers' claim of fraud against the sellers was extinguished upon closing" (*Venezia v Coldwell Banker Sammis Realty,* 270 AD2d 480, 481 [2000]; *see Cohan v Sicular,* 214 AD2d 637, 638 [1995]; *London v Courduff,* 141 AD2d 803, 804 [1988]). Since the plaintiffs failed to raise any triable issue of fact regarding this issue, the court properly granted Husbands summary judgment on this additional issue (*see Zuckerman v City of New York,* 49 NY2d at 562; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d at 1067).

However, the court erred in granting Douglas's renewed motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it based on a limitation of liability clause contained in an unsigned invoice. Though Douglas referred to the invoice as an "inspection agreement," neither the invoice nor the inspection report, which also contained a provision limiting liability, was signed by either of the plaintiffs. Absent documentary proof of the plaintiffs' agreement to these provisions limiting liability, and in light of the denial by the plaintiff Wayne McPherson that the plaintiffs received the invoice or agreed to the provisions limiting liability, the documentary evidence forming the basis of this defense failed to resolve the material factual issues as a matter of law, as required in order to prevail on a motion pursuant to CPLR 3211 (a) (1) (*see Saxony Ice Co., Div. of Springfield Ice Co., Inc. v Ultimate Energy Rest. Corp.,* 27 AD3d 445, 446 [2006]; *New York City Hous. Auth. v Fosroc Inc.,* 226 AD2d 103, 104 [1996]; *cf. Rector v Calamus Group, Inc.,* 17 AD3d 960 [2005]; *Peluso v Tauscher Cronacher Professional Engrs.,* 270 AD2d 325 [2000]). Florio, J.P., Angiolillo, McCarthy and Dickerson, JJ., concur.