■ 85-87 PITT STREET, LLC, Appellant, v 85-87 PITT STREET REALTY CORPORATION et al., Respondents. [921 NYS2d 40]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered April 6, 2010, which, insofar as appealed from as limited by the briefs, in this dispute involving the sale of an apartment building, granted defendants' motion to dismiss the causes of action alleging fraudulent inducement, fraudulent misrepresentation and fraudulent concealment, unanimously affirmed, with costs.

The contract contained a merger clause setting forth that plaintiff accepted the building "as is" after having had an opportunity to inspect the premises. The provision specifically disclaimed reliance on any representations as to the physical condition of the building. Thus, the merger clause extinguished any claims arising from defendants' alleged misrepresentations that the building did not have a bedbug problem (*see Danann Realty Corp. v Harris*, 5 NY2d 317 [1959]; *1166 EJM LLC v Marsh & McLennan Cos., Inc.*, 50 AD3d 424 [2008]). A bug infestation is not a matter peculiarly within a seller's knowledge that requires disclosure by the seller. An infestation could be discovered with reasonable diligence and an inspection of the premises (*see McPherson v Husbands*, 54 AD3d 735 [2008]; *Long v Fitzgerald*, 240 AD2d 971, 973 [1997]).

We have considered plaintiff's remaining contentions, including that the causes of action should not have been dismissed as against the individual defendants, and find them unavailing. Concur—Andrias, J.P., Friedman, Catterson, Moskowitz and Román, JJ. [**Prior Case History: 2010 NY Slip Op 30776(U).**]