116 Waverly Place LLC v Spruce 116 Waverly LLC (2020 NY Slip Op 00359)





116 Waverly Place LLC v Spruce 116 Waverly LLC


2020 NY Slip Op 00359


Decided on January 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2020

Friedman, J.P., Richter, Kern, Singh, JJ.


10798 655930/17

[*1] 116 Waverly Place LLC, Plaintiff-Appellant,
v
Spruce 116 Waverly LLC, et al., Defendants-Respondents.


Buchanan Ingersoll & Rooney PC, New York (Natalie N. Peled of counsel), for appellant.
Holland & Knight LLP, New York (Robert S. Bernstein of counsel), for respondents.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered February 8, 2019, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
The General Business Law (GBL) claims were properly dismissed. With respect to GBL 349, the transaction was not consumer oriented, but rather was a single, private transaction (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 320 [1995]). As for the GBL 777 cause of action, the court properly determined that the gut-renovated townhouse was not a "new home" under GBL 777(5).
The causes of action for fraudulent misrepresentation, fraudulent concealment and fraudulent inducement were also properly dismissed. The court correctly determined that these claims are precluded by the express disclaimers in the parties' agreements stating that the seller made no representations or warranties concerning the subject buildings's condition and that plaintiff would accept the building "as is."
We reject plaintiff's argument that further discovery is warranted to uncover facts peculiarly within defendants' knowledge concerning the concealment of defects in the building. The parties' agreement provides that plaintiff had the right to inspect the premises before closing and was "entering into this contract based solely upon such inspection and investigation." This renders untenable any claim that information regarding the condition of the building was peculiarly within the defendants' knowledge (see Jana L. v W. 129th St. Realty Corp., 22 AD3d 274, 278 [1st Dept 2005]; see also Centro Empresarial Cempresa S.A. v Am. Movil, S.A.B. de C.V., 17 NY3d 269, 278-79 [2011] [if a party can discover "by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations"]). Accordingly, plaintiff's causes of action related to fraud were properly dismissed. As to the breach of contract cause of action, we note that plaintiff does not pursue the court's dismissal of this claim on appeal.
In light of the foregoing, plaintiff's alter-ego theory of liability was also properly dismissed.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2020
CLERK