228 W 72 LLC v 228A W. 72 LLC (2023 NY Slip Op 01057)

228 W 72 LLC v 228A W. 72 LLC

2023 NY Slip Op 01057

Decided on February 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 28, 2023

Before: Kern, J.P., Oing, Kennedy, Mendez, Pitt-Burke, JJ. 

Index No. 652601/21 Appeal No. 17411-17412 Case No. 2022-01655 2022-01657 

[*1]228 W 72 LLC, Plaintiff-Appellant,
v
228A West 72 LLC et al., Defendants-Respondents. 

Rabinowitz, Galina & Rosen, Mineola (Daniel Rabinowitz of counsel), for appellant.
Rosenberg & Estis, P.C., New York (Peter B. Kane of counsel), for 228A West 72 LLC, respondent.
Butler, Fitzgerald, Fiveson & McCarthy, New York (David K. Fiveson of counsel), for First American Title Insurance Company, respondent.

Order, Supreme Court, New York County (Laurence Love, J.), entered on or about October 20, 2021, which granted the motions of defendants 228A West 72 LLC and First American Title Insurance Company to dismiss the complaint, unanimously affirmed, with costs. Order, same court and Justice, entered February 14, 2022, which granted defendant 228A West 72 LLC's motion to reargue, and upon reargument, granted its request for an award of attorneys' fees, unanimously affirmed, with costs.
The motion court properly dismissed plaintiff's claim for negligence against defendant 228A West LLC (228A West), as the complaint failed to allege a breach of duty independent of the contract for sale of the subject premises (320 W. 115 Realty LLC v All Bldg. Constr. Corp., 194 AD3d 511, 512 [1st Dept 2021]; see also Rosner v Bankers Std. Ins. Co., 172 AD3d 1257, 1259 [2d Dept 2019]). Plaintiff's breach of contract claim against 228A West also fails because the contract made no representations regarding the alleged inoperable elevator on the premises (see Rivietz v Wolohojian, 38 AD3d 301, 301 [1st Dept 2007]). Moreover, the contract contains a clause providing that the premises were sold "as is" and that plaintiff was acquiring the premises subject to "all Violations" of state and municipal laws and ordinances (id.; see e.g. Kasten v Golden, 50 AD3d 1098, 1099 [2d Dept 2008]). Plaintiff cannot claim active concealment of the elevator or justifiable reliance on any false representations, as it inspected the premises prior to the closing and was notified of open and public New York City Department of Building (DOB) violations relating to the elevator (see Rivietz, 38 AD3d at 301; see also 85-87 Pitt St., LLC v 85-87 Pitt St. Realty Corp., 83 AD3d 446 [1st Dept 2011]).
Plaintiff's breach of contract claim against defendant First American Title Insurance Company (First American) was properly dismissed, as plaintiff failed to allege any title defects that would be covered by the title policy issued by First American (L. Smirlock Realty Corp. v Title Guar. Co., 52 NY2d 179, 187 [1981]; see also Logan v Barretto, 251 AD2d 552, 553 [2d Dept 1998]). Plaintiff's negligence claim was also properly dismissed because "a cause of action for negligence in searching title does not lie in an action on the policy" (Citibank v Chicago Title Ins. Co., 214 AD2d 212, 216 [1st Dept 1995]), and plaintiff did not allege that its claim against the insurer is "independent of the parties' contract for insurance" (see Choudhary v First Option Tit. Agency, 107 AD3d 657, 658-659 [2d Dept 2013]). In any event, plaintiff acknowledged that First American notified it of the DOB violations with respect to the elevator in a municipal search provided as a courtesy.
The motion court properly granted reargument (CPLR 2221[d][2]) and awarded attorneys' fees to 228A West pursuant to the terms of the contract between the parties (see Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5 [1986]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 28, 2023