829 Greenwich St., LLC v Slorer (2023 NY Slip Op 05458)

829 Greenwich St., LLC v Slorer

2023 NY Slip Op 05458

Decided on October 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2023

Before: Kapnick, J.P., Gesmer, Scarpulla, Rodriguez, O'Neill Levy, JJ. 

Index No. 654937/21 Appeal No. 932 Case No. 2023-02843 

[*1]829 Greenwich Street, LLC, Plaintiff-Appellant,
v
Ole Slorer et al., Defendants-Respondents.

Schlam Stone & Dolan, LLP, New York (John Moore of counsel), for appellant.
Wilk Auslander LLP, New York (Alan D. Zuckerbrod of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered May 10, 2023, which, to the extent appealed from as limited by the briefs, granted defendants' CPLR 3211(a)(1) and (7) motion to dismiss the causes of action for fraudulent inducement, unanimously affirmed, with costs.
Supreme Court correctly granted defendants' motion to dismiss. Plaintiff cannot be said to have justifiably relied on any representations regarding no water leaks or mold in the purchaser's rider, when paragraph 12 of the parties' contract of sale disclaimed such reliance by stating that plaintiff accepted the house "as is," based on its own inspection and investigation and not based on any representations by the seller defendants (see 116 Waverly Place LLC v Spruce 116 Waverly LLC, 179 AD3d 511, 512 [1st Dept 2020]). Although the purchaser's rider stated that the rider controlled in the event of any inconsistency, there was no such inconsistency, since it was silent as to plaintiff's right to rely on the representations contained in the rider. The contract also stated that acceptance of a deed was deemed full performance of the contract and that the representations did not survive closing.
Furthermore, any alleged misrepresentation regarding the lack of leaks and mold in the house "did not concern facts peculiarly within the seller[s'] knowledge" (Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 137 [1st Dept 2014]; 85-87 Pitt St., LLC v 85-87 Pitt St. Realty Corp., 83 AD3d 446 [1st Dept 2011]). The inspection report cited by plaintiff noted extensive water damage (see e.g. 116 Waverly Place, 179 AD3d at 512). Plaintiff's characterization of the water damage as being external, so they were not on notice to look for "undetected interior leaks" is incorrect; among other things, the report noted that the fifth-floor ceiling had "significant damage from a roof leak above." As plaintiff was on notice of water damage, and had access to conduct additional inspections prior to closing, this vitiates its claim that defendants actively concealed issues (id.).
We have considered plaintiff's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2023