Neu v Amelia US LLC (2024 NY Slip Op 02019)

Neu v Amelia US LLC

2024 NY Slip Op 02019

Decided on April 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 16, 2024

Before: Moulton, J.P., Gesmer, González, Rodriguez, Michael, JJ. 

Index No. 652289/23 Appeal No. 2058 Case No. 2023-06031 

[*1]Jeffrey Neu, Plaintiff-Appellant,
v
Amelia US LLC, et al., Defendants-Respondents.

Kudman Trachten Aloe Posner LLP, New York (Gary Trachten of counsel), for appellant.
Jackson Lewis, P.C., New York (Felice B. Ekelman of counsel), for respondents.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about October 5, 2023, which granted defendants' motion pursuant to CPLR 3211(a)(7) to dismiss plaintiff's claims for failure to pay wages and retaliation pursuant to Labor Law §§ 193, 198 and 215, unanimously reversed, on the law, with costs, the motion denied, and the claims reinstated.
The court incorrectly dismissed plaintiff's Labor Law claims on the ground that the dispute was governed solely by the parties' contract. Contrary to defendants' contention, Labor Law claims for unpaid wages can be asserted alongside claims for breach of an employment contract (see e.g. Ryan v Kellogg Partners Inst. Servs., 19 NY3d 1 [2012]; Wachter v Kim, 82 AD3d 658 [1st Dept 2011]). Indeed, a plaintiff "cannot assert a statutory claim for wages under the Labor Law if he has no enforceable contractual right to those wages" (Tierney v Capricorn Invs., 189 AD2d 629, 632 [1st Dept 1993], lv denied 81 NY2d 710 [1993]). Nor does plaintiff's position as a highly paid executive require dismissal (see Pachter v Bernard Hodes Group, Inc., 10 NY3d 609, 615 [2008]; see also Labor Law § 198[3]).
The complaint otherwise adequately states a claim for "unauthorized failure to pay wages" under the No Wage Theft Loophole Act (Labor Law § 193[5], as amended by L 2021, ch 397, § 3). Plaintiff alleges that his employment contract entitled him to an annual salary of $425,000 per year, which would increase in six months to $450,000 per year unless his performance was deemed "unsatisfactory," and a cash bonus incentive of 35% of his salary per year (the Annual Bonus), but only "75% of [the] Annual Bonus for calendar year 2022." These "earnings . . . for labor or services rendered" constituted "wages" within the meaning of Labor Law § 190(1) (see Ryan, 19 NY3d at 16). The complaint further alleges that defendants made partial payments to plaintiff after his departure which fell short of the fully earned amounts of his prorated annual bonuses and salary severance. Defendants' factual disputes concerning plaintiff's calculations and whether he was terminated for cause are not a basis for dismissal, as the allegations in the complaint are "presumed to be true" at the pleading stage (Rivietz v Wolohojian, 38 AD3d 301, 301 [1st Dept 2007]).
The complaint also states a claim for retaliation. Plaintiff's notice of resignation subject to cure constituted protected activity, as plaintiff "made a complaint" to defendants that they had "engaged in conduct that [plaintiff], reasonably and in good faith, believe[d]" constituted unlawful withholding of his earned wages, specifically his nondiscretionary annual bonus (Labor Law § 215[1][a]). Plaintiff's characterization of the bonus as "formulaic and a nondiscretionary wage" evidences his belief that he had a legal entitlement to the bonus and that defendants' withholding of it was unlawful (see id. ["An employee complaint or other communication need not make explicit [*2]reference to any section or provision of [the Labor Law] to trigger the protections" of the retaliation provision]). Although the contract was silent as to the timing of annual bonus payments, it was not unreasonable for plaintiff to believe that he should have received his 2022 bonus by March 9, 2023, well into the first quarter of the following year, and the complaint alleges that other "employees who were entitled to receive a contractual bonus for 2022 were paid their bonuses in early March, 2023." The timing of plaintiff's termination less than a month after his notice raises an inference that the termination was retaliatory (see Schmidt-Sarosi v Offices for Fertility & Reproductive Medicine, P.C., 195 AD3d 479, 481 [1st Dept 2021]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 16, 2024