Manlius Ctr. Rd. Assoc., LLC v Singh (2025 NY Slip Op 03426)

Manlius Ctr. Rd. Assoc., LLC v Singh

2025 NY Slip Op 03426

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, AND NOWAK, JJ.

229 CA 24-00034

[*1]MANLIUS CENTER ROAD ASSOCIATES, LLC, PLAINTIFF-APPELLANT-RESPONDENT,
v
GURNAKE SINGH, ALSO KNOWN AS SONNY SINGH, INDIVIDUALLY AND DOING BUSINESS AS LIQUOR WORLD, LLC, LIQUOR WORLD OF SYRACUSE, INC., DOING BUSINESS AS LIQUOR WORLD, LLC, KIRANDEEP NAFRI, INDIVIDUALLY AND DOING BUSINESS AS LIQUOR WORLD, LLC, AND LIQUOR WORLD 315, INC., DEFENDANTS-RESPONDENTS-APPELLANTS. 

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (ELIZABETH A. HOFFMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 
BOND, SCHOENECK & KING PLLC, SYRACUSE (JAMES P. WRIGHT OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS.

 Appeal and cross-appeal from an order of the Supreme Court, Onondaga County (Joseph E. Lamendola, J.), entered December 21, 2023. The order denied defendants' motion for summary judgment and denied plaintiff's cross-motion for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of plaintiff's cross-motion for partial summary judgment on the issue of liability on the cause of action for breach of contract against defendant Liquor World of Syracuse, Inc., doing business as Liquor World, LLC, and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: In this action, plaintiff seeks, inter alia, to recover from defendants, Gurnake Singh, also known as Sonny Singh, individually and doing business as Liquor World, LLC, Liquor World of Syracuse, Inc., doing business as Liquor World, LLC (Liquor World), Kirandeep Nafri, individually and doing business as Liquor World, LLC, and Liquor World 315, Inc., amounts owed under a commercial lease agreement. Plaintiff leased a portion of a commercial building to Liquor World for the purpose of operating a liquor store. The lease stated that Liquor World had inspected the premises and had taken the property " 'as-is' . . . , except as to latent defects." At the time the lease was executed, plaintiff knew that Liquor World planned to remove, inter alia, an interior wall in order to create one large open space and, after the lease was executed, Liquor World entered the premises and began removing the interior wall. Liquor World, however, discovered that the wall was load-bearing and that removal of the wall would take more effort and money than had been anticipated. Thereafter, Liquor World put a stop payment to the security deposit and first-month rent check tendered to plaintiff and executed a new lease agreement with a different landlord for a different premises.
Defendants moved for summary judgment dismissing the second amended complaint, on the grounds of, inter alia, mutual mistake, unilateral mistake, fraudulent inducement, and frustration of purpose. They further sought summary judgment dismissing the second amended complaint against Singh, Nafri, and Liquor World 315, Inc. on the ground that they had no connection to the lease agreement. Plaintiff cross-moved for, inter alia, partial summary judgment on the breach of contract cause of action against Liquor World. Supreme Court denied both the motion and cross-motion, and plaintiff appeals and defendants cross-appeal.
We agree with plaintiff on its appeal that the court erred in denying that part of plaintiff's cross-motion seeking partial summary judgment on the issue of Liquor World's liability under the breach of contract cause of action, and we therefore modify the order accordingly. "It is well settled that the elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages" (Arista Dev., LLC v Clearmind Holdings, LLC, 207 AD3d 1127, 1127 [4th Dept 2022] [internal quotation marks omitted]; see Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc., 111 AD3d 1374, 1376 [4th Dept 2013], lv denied 22 NY3d 864 [2014]). Here, plaintiff met its initial burden on the cross-motion by submitting the underlying lease agreement and evidence that plaintiff performed under the lease, that Liquor World did not pay rent, and that plaintiff thus did not receive rent pursuant to the rental rate under the lease (see Medlock Crossing Shopping Ctr. Duluth, GA. LP v Kitchen & Bath Studio, Inc., 126 AD3d 1463, 1464-1465 [4th Dept 2015]).
The burden shifted to defendants to "demonstrate by admissible evidence the existence of a factual issue" (Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). Defendants contend that plaintiff failed to perform under the lease agreement because plaintiff failed to deliver a space where the interior wall could be torn down. We disagree. The lease agreement by its terms did not require plaintiff to provide an open space, and defendants' argument is contradicted by the " 'as-is' " clause in the lease agreement (see generally 228 W 72 LLC v 228A W. 72 LLC, 213 AD3d 608, 609 [1st Dept 2023]; Rivietz v Wolohojian, 38 AD3d 301, 301 [1st Dept 2007]). Defendants contend that the " 'as-is' " clause cannot be relied upon by plaintiff because the load-bearing wall constituted a latent defect, which is an exception of the " 'as-is' " clause. We reject that contention because defendants failed to provide any evidence that the load-bearing nature of the wall is "defective." While defendants submitted an affidavit from an expert who conclusorily described the wall as an "unforeseen and latent condition," the expert did not identify any defect with the wall. Thus, defendants failed to raise a triable issue of fact (see generally Zuckerman, 49 NY2d at 562).
Defendants contend on their cross-appeal that the court erred in denying defendants' motion for summary judgment dismissing the second amended complaint based on the defenses of mutual mistake, unilateral mistake or fraudulent inducement. We reject that contention. In order for a contract to be voidable based on a mutual mistake of fact, the "mutual mistake must exist at the time the contract is entered into and must be substantial" (Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., 81 NY2d 446, 453 [1993]). Here, defendants failed to establish that there was a mutual mistake with respect to the load-bearing wall inasmuch as they submitted the deposition testimony of plaintiff's owner, who testified that he knew that the wall was load-bearing and that he offered defendants the opportunity to inspect the property prior to entering the lease (see generally id.).
In order for defendants to establish plaintiff's alleged fraud or fraudulent inducement, they must establish the existence of " 'a material representation, known to be false, made with the intention of inducing reliance, upon which the victim actually relies, consequently sustaining a detriment' " (Trahwen, LLC v Ming 99 Cent City #7, Inc., 106 AD3d 1467, 1467 [4th Dept 2013], lv dismissed 21 NY3d 1066 [2013]). With respect to the alleged misrepresentations or omissions regarding the load-bearing wall, the lease agreement's " 'as-is' " clause is sufficiently specific to raise a triable issue of fact on the issue whether defendants were fraudulently induced into entering the contract (see S.R. Leon Co. v The Towers, 194 AD2d 600, 601 [2d Dept 1993]). Further, defendants did not submit any evidence that plaintiff informed defendants that the wall was not load-bearing or that plaintiff made any representations regarding the cost of removing the wall.
Similarly, defendants are not entitled to summary judgment on the issue of unilateral mistake of contract. A party "cannot obtain relief for unilateral mistake of contract absent a showing of fraud, duress or similar inequitable conduct" (Village of Waterford v Camproni, 200 AD2d 930, 932 [3d Dept 1994]), and here defendants failed to establish that there was fraud. Additionally, "a contract may be voided for unilateral mistake of fact only where enforcement of the contract would be unconscionable, the mistake is material and [the mistake] was made despite the exercise of ordinary care" (Long v Fitzgerald, 240 AD2d 971, 974 [3d Dept 1997]). Inasmuch as defendants are sophisticated parties to an arm's-length commercial agreement, plaintiff presented the property for lease " 'as-is,' " and plaintiff's owner testified that he offered defendants the opportunity to inspect the property before they entered into the lease agreement, [*2]defendants failed to establish as a matter of law that they exercised due diligence to ascertain all factors relating to the demolition of the wall (see Long, 240 AD2d at 974; see also International Dev. Inst., Inc. v Westchester Plaza, LLC, 194 AD3d 411, 412 [1st Dept 2021]).
We have considered defendants' contentions on their cross-appeal regarding frustration of purpose and we conclude that they are without merit. Finally, the court did not rule on those parts of defendants' motion seeking summary judgment dismissing the second amended complaint against Singh, Nafri and Liquor World 315, Inc., and we therefore remit the matter to Supreme Court to determine those parts of defendants' motion.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court