J. Carey Smith 2019 Irrevocable Trust v 11 W. 12 Realty LLC (2025 NY Slip Op 04045)

J. Carey Smith 2019 Irrevocable Trust v 11 W. 12 Realty LLC

2025 NY Slip Op 04045

Decided on July 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 03, 2025

Before: Kern, J.P., Kennedy, Kapnick, Scarpulla, O'Neill Levy, JJ. 

Index No. 651000/21|Appeal No. 4685-4686-4687-4688-4689-4690|Case No. 2023-05737 2023-05738 2023-05739 2023-05740 2024-02706 2024-02708|

[*1]J. Carey Smith 2019 Irrevocable Trust et al., Plaintiffs-Appellants,
v
11 West 12 Realty LLC et al., Defendants-Respondents, NB Plumbing & Heating Inc., Defendant. 

Sills Cummis & Gross P.C., New York (Ahmed J. Kassim of counsel), for appellants.
McCue Sussmane Zapfel & Cohen, P.C., New York (Scott L. Swanson of counsel), for 11 West 12 Realty LLC, Icon Realty Management, LLC, Terrence Lowenberg and Todd Cohen, respondents.
Law Offices of Andreas Vasilatos, PLLC, Brooklyn (Scott P. Benjamin of counsel), for QRS Construction, Inc., respondent.
Song Ramin PLLC, Bayside (Farzad Ramin of counsel), for Y.S. Electric Co., respondent.
Rivkin Radler LLP, Uniondale (Cheryl F. Korman of counsel), for Old House Inspection Company, Inc., respondent.
Capehart & Scratchard, P.A., New York (Nuo Jiang of counsel), for Ace Solutions, respondent.
Hall Booth Smith, P.C., New York (William Arsenault of counsel), for Arrow Elevator Inc., respondent.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered on or about July 14, 2023, which granted the motion of defendants 11 West 12 Realty LLC, Icon Realty Management, LLC, Terrence Lowenberg, and Todd Cohen to dismiss the complaint as against them pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, without costs. Orders, same court and Justice, entered on or about the same date, which, to the extent appealed from as limited by the briefs, granted the motions of defendants Y.S. Electric Co. and Old House Inspection Co., Inc. to dismiss the complaint as against them pursuant to CPLR 3211(a)(1) and (7) and the motion of defendant QRS Construction, Inc. to dismiss the complaint as against it pursuant to CPLR 3211(a)(1), (3), and (7), unanimously affirmed, without costs. Orders, same court and Justice, entered April 23, 2024, which, to the extent appealed from as limited by the briefs, granted the motions of defendants Arrow Elevator Inc. and ACE Solutions to dismiss the complaint as against them pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, without costs.
"This action arises out of plaintiffs' purchase of a townhouse located at 11 West 12th Street in Greenwich Village from 11 West 12 Realty LLC. The contract of sale stated that, "Purchaser acknowledges and represents that Purchaser is fully aware of the physical condition and state of repair of the Premises . . . based on Purchaser's own inspection and investigation thereof, and that Purchaser is entering into this contract based solely upon such inspection and investigation and not upon any . . . statements or representations . . . as to the physical condition, state of repair, use . . . or any other matter related to the Premises . . . given or made by Seller or its representatives, and shall accept the same 'as is.' "
In addition, a rider to the contract stated, among other things, that: 1) "[e]xcept as otherwise expressly provided in this Contract, no warranties or guarantees are implied, and Purchaser specifically acknowledges that Seller shall bear no liability for latent and/or patent defects . . . "; and 2) "[e]xcept as otherwise expressly provided in this Rider, none of the representations, warranties, covenants or other obligations of Seller . . . hereunder shall survive the Closing."
At the outset, QRS', Old House's, and Y.S. Electric's argument that the appeal should be dismissed because plaintiffs failed to include various briefs in the record is unavailing. Briefs are not part of the record and defendants have "not identified any material information omitted from the record . . . that is relevant to a determination of the issues presented, and the record on appeal is sufficiently complete to address the merits" (Martinez v Premium Laundry Corp., 137 AD3d 419, 419 [1st Dept 2016]).
Supreme Court properly dismissed the first and second causes of action for breach of contract as against Lowenberg, Cohen, and Icon because they were not parties to [*2]the contract, and plaintiffs' veil-piercing allegations are insufficient (see e.g. Array BioPharma, Inc. v AstraZeneca AB, 184 AD3d 463, 464 [1st Dept 2020]). Plaintiffs do not allege that Icon is a parent, subsidiary, or affiliate of 11 West 12 Realty rather, they merely allege that Lowenberg and Cohen were principals of both LLCs. As for the individual defendants, "by definition, a corporation acts through its officers and directors" (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d 775, 776 [2011]). Thus, the allegation that "Plaintiffs dealt directly with . . . Lowenberg and Cohen as the Sellers" is an insufficient basis to pierce 11 West 12 Realty's corporate veil.
As to 11 West 12 Realty, the first and second causes of action for breach of contract are barred by the merger doctrine (see TIAA Global Invs., LLC v One Astoria Sq. LLC, 127 AD3d 75, 85 [1st Dept 2015]). Moreover, the first cause of action alleges breach of conditions to closing; however, conditions to closing expire with the closing and "[t]he remedy for their breach is simply not to close, rather than to sue post-closing" (116 Waverly Place LLC v Spruce 116 Waverly LLC, 2019 NY Slip Op 30300[U], *4 [Sup Ct, NY County], affd 179 AD3d 511 [1st Dept 2020]).
In addition to being barred by the merger doctrine, the second cause of action is barred by various provisions of the contract, including the provision that plaintiffs took the property "as is" (see Rivietz v Wolohojian, 38 AD3d 301, 301 [1st Dept 2007]; see also TIAA, 127 AD3d at 85). Further, the breach of the implied covenant of good faith and fair dealing claim "may not be used as a substitute for a nonviable claim of breach of contract" (Smile Train, Inc. v Ferris Consulting Corp., 117 AD3d 629, 630 [1st Dept 2014]).
The third cause of action for breach of contract as against Icon, Lowenberg, and Cohen was properly dismissed because the alleged contract lacks consideration (see Beitner v Becker, 34 AD3d 406, 407-408 [2d Dept 2006]).
Supreme Court also properly dismissed the fourth and fifth causes of action for fraud based on the disclaimers in the contract between 11 West 12 Realty and plaintiffs, including plaintiffs' agreement that 11 West 12 Realty would have no liability for latent defects. In Danann Realty Corp. v Harris (5 NY2d 317 [1959]) the Court of Appeals explicitly held that a specific disclaimer of reliance on a party's representations bars a fraudulent misrepresentation claim against that party (id. at 320-323). Indeed, after examining specific disclaimer language that is comparable to the disclaimer at issue here,[FN1] the Court of Appeals found that "if the language here used is not sufficient to estop a party from claiming that he entered the contract because of fraudulent representations, then no language can accomplish that purpose. To hold otherwise would be to say that it is impossible for two businessmen dealing at arm's length to agree that the buyer is not buying in reliance [*3]on any representations of the seller as to a particular fact" (id. at 323; see also Fifth Partners LLC v Foley, 227 AD3d 543, 543-544 [1st Dept 2024]; 116 Waverly Place LLC v Spruce 116 Waverly LLC, 179 AD3d 511, 512 [1st Dept 2020] [finding fraud claims properly dismissed as they were precluded by the contract's "as is" provision, and further holding that contract provision, which permitted plaintiff to inspect the premises preclosing and stated that plaintiff was "entering into this contract based solely upon such inspection and investigation," rendered "untenable any claim that information regarding the condition of the building was peculiarly within the defendants' knowledge"]; cf. TIAA Global Invs., LLC, 127 AD3d at 87 [fraud causes of action sufficiently pleaded where the disclaimer of representations provision in the parties' contract contained specific carve-outs for certain representations and plaintiffs' allegations pertained to representations encompassed by the carve-outs]).
Further, plaintiffs fail to state a claim for fraudulent concealment against defendants QRS, ACE, Arrow, and Y.S. Electric. There is no allegation that QRS, the general contractor, or ACE, Arrow, and Y.S. Electric, the subcontractors, knew that plaintiffs were intending to buy the townhouse. At most, they knew that a hypothetical purchaser would buy it (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 179 [2011]).
The sixth cause of action for breach of contract as against Old House — which plaintiffs hired to perform pre-sale inspections of the property — was also properly dismissed. In this claim, plaintiffs allege that Old House failed to "identify deficiencies in the building systems it inspected." Plaintiffs' contract with Old House provided that, "[i]n the event of a claim by the Client that an installed system or component of the premises which was inspected by the Inspector was not in the condition reported by the Inspector, the Client agrees to notify the Inspector at least 72 hours prior to repairing or replacing such system or component."
Plaintiffs concede that they did not comply with the notice provision for those systems and components inspected by the inspector and instead argue that such notice may have been futile because the defects were "emergent in nature." Plaintiffs' conclusory allegations concerning futility, unsupported by any facts, are unavailing and their failure to comply with the contract's condition precedent requires dismissal of the breach of contract claim against Old House (see e.g. Accadia Site Contr., Inc. v Erie County Water Auth., 115 AD3d 1351, 1352-1353 [4th Dept 2014] [dismissing plaintiff's breach of contract claim because plaintiff failed to meet a condition precedent by timely complying with the contract's notice requirements, and deeming plaintiff's argument that compliance was futile unavailing]).
Additionally, the allegation that "Old House represented that all defects and deficiencies previously noted had [*4]been corrected" is refuted by the documentary evidence — namely, Old House's report and plaintiffs' own complaint allegations. Plaintiffs allege that, "Old House failed to perform its obligations under its agreement." However, the contract states that the "Inspector will perform a follow-up inspection and revise the previously written report to reflect the condition of the readily accessible installed systems and components of the property . . . Latent and concealed defects and deficiencies are excluded." Furthermore, plaintiffs alleged in the complaint that defendants other than Old House "concealed . . . defects so that Plaintiffs . . . could not discover . . . the significant mechanical, electrical and plumbing work that was needed to make the home habitable" thereby rendering them outside the scope of the inspection contract with Old House.
The court properly dismissed plaintiffs' seventh cause of action for private nuisance because defendants' actions did not involve such a pattern of continuity or recurrence of objectionable conduct (Domen Holding Co. v Aranovich, 1 NY3d 117, 124 [2003]). Rather, Y.S. Electric, ACE, and Arrow worked on the townhouse's electrical system, HVAC system, and elevator, respectively; QRS was the general contractor; and 11 West 12 Realty sold the house.
Plaintiffs' eighth and ninth causes of action which allege violations of General Business Law §§ 349 and 777 were properly dismissed because neither section is applicable. Defendants did not violate General Business Law § 777 because a gut-renovated townhouse is not a "new home" (Waverly, 179 AD3d at 512). Nor did Icon, Lowenberg or Cohen violate General Business Law § 349 because the sale of a $19.9 million townhouse is "not consumer oriented, but rather [i]s a single, private transaction" (id.).
The court properly dismissed plaintiffs' claim that Icon, Lowenberg, Cohen, Y.S. Electric, ACE, Arrow, and QRS violated the Racketeering Influenced and Corrupt Organizations (RICO) Act (18 USC § 1962[c] & [d]). Plaintiffs fail to allege a closed-ended pattern of continuity because the dated predicate acts in the complaint span a period of only two and one-half months (see Spool v World Child Intl. Adoption Agency, 520 F3d 178, 183-184 [2d Cir 2008]). Nor do plaintiffs allege an open-ended pattern of racketeering where, as here, defendants conducted a legitimate business of renovating and selling a house and the "scheme" to sell the townhouse was inherently terminable (see id. at 185, 186).
Because plaintiffs fail to allege a pattern of racketeering activity, we need not address whether they pleaded conduct of an enterprise as to all RICO defendants. Further, "the substantive RICO claim was deficient" therefore, "so was the conspiracy claim" (Allstate Ins. Co. v Buziashvili, 49 AD3d 423, 423 [1st Dept 2008]).
On appeal, plaintiffs concede that they cannot assert an unjust enrichment claim that overlaps with their first and second causes of action for breach of the March [*5]20, 2019 contract. However, even with respect to the alleged post-closing agreement, the unjust enrichment claim was properly dismissed (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790-791 [2012]).
Finally, we note that only a trustee, as opposed to a trust, may file suit (see Matter of Straut, 126 NY 201, 212 [1891]). However, in light of our affirmance of the dismissal of the complaint, the issue of whether to substitute the trustees for the trusts and amend the caption is moot.
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 3, 2025

Footnotes

Footnote 1: In Danann, the parties' contract stated that "[p]urchaser further acknowledges that it has inspected the premises and agrees to take the premises 'as is'" and "all understandings and agreements heretofore had between the parties hereto are merged in this contract, which alone fully and completely expresses their agreement, and that the same is entered into after full investigation, neither party relying upon any statement or representation, not embodied in this contract, made by the other" (id. at 320) (emphasis omitted).